IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 10 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02397-OES

JERRY MLK McNEILL,
    Plaintiff,

v.

OFFICER DAWN SCHIMDT #2767,
COLORADO SPRINGS POLICE DEPARTMENT,
THE STATE OF COLORADO,
EL PASO COUNTY, and
THE CITY OF COLORADO SPRINGS,
    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff Jerry MLK McNeill initiated this action by filing *pro se* a complaint and a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On December 9, 2005, Mr. McNeill paid the filing fee. Therefore, the motion seeking leave to proceed *in forma pauperis* will be denied as moot. On December 22, 2005, he filed an amended complaint.

The court must construe the amended complaint liberally because Mr. McNeill is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. McNeill will be ordered to file a second amended complaint.

The court has reviewed the amended complaint and has determined that it is deficient because the amended complaint does not comply with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. McNeill fails to set forth a short and plain statement of his claims showing that he is entitled to relief. He merely makes the vague and conclusory allegation that Defendant Officer Dawn Schimdt violated his civil and constitutional rights by committing perjury. It is not clear when the alleged violations of Mr. McNeill's civil and constitutional rights occurred, which of his civil and constitutional rights have been violated, or how Defendant Schimdt committed perjury. It also is not clear what claims Mr. McNeill intends to assert against the other four Defendants named in the amended

complaint or why he seeks relief from those Defendants. In short, the amended complaint makes no sense.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. McNeill should be given an opportunity to file a second amended complaint. He will be directed to do so below. Accordingly, it is

ORDERED that the motion seeking leave to proceed *in forma pauperis* filed on November 15, 2005, is denied as moot. It is

FURTHER ORDERED that Mr. McNeill file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. McNeill, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Mr. McNeill fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 10 day of January, 2006.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02397-OES

Jerry MLK McNeill
1303 N. Nevada Ave., Apt. 29
Colorado Springs, CO 80903

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Complaint form** to the above-named individuals on 1/10/06.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk